UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TRUDY BEAUBRUN,
on behalf of herself and all others
similarly situated,

      Plaintiff,

v.

ERIC STREICH, P.C. and
ERIC STREICH, ESQ.,

      Defendants.

CV 06 6598

SIFTON, J

No. POHORELSKY, M.J

FILED
IN CLERK'S OFFICE
JURY DEMANDED

DEC 1 3 2006

BROOKLYN OFFICE

### Class Action Complaint for Violations of the Fair Debt Collection Practices Act

Plaintiff Trudy Beaubrun files this Complaint against Defendants, Eric Streich, P.C., and Eric Streich, Esq., for their violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et seq.*

### *Parties*

1.    Plaintiff Trudy Beaubrun resides within this district.

2.    Trudy Beaubrun is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that the alleged debt the Defendants sought to collect from her is a consumer debt, purportedly owed to Unifund CCR Partners, assignee of ASTA Funding Acquisition III, LLC.

3.    Defendants Eric Streich, P.C., and Eric Streich, Esq. have offices located at 51 East 42nd Street, Suite 310, New York, New York 10017.

4.    Defendant Eric Streich, P.C. is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

5. Defendant Eric Streich, P.C. is therefore a "debt collector," as that term is defined by § 1692a(6) of the FDCPA.

6. Defendant Eric Streich, Esq. is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant Eric Streich, Esq. is therefore a "debt collector," as that term is defined by § 1692a(6) of the FDCPA.

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since all Defendants can be found, have agents, and transact business in this district.

### *Factual Allegations*

10. Sometime in December of 2005, on a date better known by Defendants, Unifund CCR Partners hired Defendants to collect an alleged consumer debt from Plaintiff Trudy Beaubrun.

11. On December 14, 2005, Defendants attempted to collect an alleged debt from Plaintiff by sending her a collection letter. A copy of this letter is attached as Exhibit A.

12. The December 14, 2005 letter is printed on Eric Streich, P.C. letterhead and purports to be signed by Eric Streich, Esq.

13. Beaubrun is informed and believes, and on that basis alleges, that Exhibit A is the initial debt collection letter from Defendants.

## COUNT I

***Violations of the FDCPA***
***Against Defendants Eric Streich, P.C. and Eric Streich, Esq.***

14. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-13 as if set forth fully in this Count.

15. This Count is brought by Plaintiff, individually and on behalf of a class, consisting of consumers with New York addresses who: (a) within one year prior to the filing of this action; (b) were sent a collection letter by Defendants; (c) in a form materially identical or substantially similar to the letter sent to the Plaintiff, attached hereto as Exhibit A; and (d) the letter was not returned by the postal service as undelivered.

16. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impractical.

(B) There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The principal question presented by this case is whether the letter sent by Defendants, attached as Exhibit A, violates § 1692g of the FDCPA by misrepresenting consumers' rights and obligations when disputing the validity of alleged debts.

(C) The only individual issue is the identification of the consumers who received the letter (*i.e.* the class members), a matter capable of ministerial determination from Defendants' records.

(D) Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests and she has retained counsel experienced in bringing class actions and collection abuse claims.

17. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

18. If the facts are discovered to be appropriate, Plaintiff will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

### *Defendants' Violations of §1692g*

19. Collection letters, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

20. Section 1692g of the FDCPA requires that a debt collector include a validation notice with, or send it within five (5) days of, the initial communication from the debt collector to the consumer. This notice is intended to advise the consumer as to certain federal rights in connection with a procedure under which a consumer may dispute a debt, request verification of a debt, or obtain certain information about the creditor within 30 days of an initial communication from a debt-collector.

21. Under federal law, this validation notice must be effectively communicated, and may not be overshadowed, confounded or diluted as seen from the perspective of the "least sophisticated consumer."

22. Defendants' collection letter, in the form represented by Exhibit A, does not contain the language required by §1692g.

4

23. Defendants' collection letter, in the form represented by Exhibit A, misrepresents to consumers that the alleged debt will be assumed valid unless a written dispute has been made, in violation of 15 U.S.C. § 1692g(a)(3).

24. Defendants' violations of § 1692g render it liable to Plaintiff and the members of the class.

WHEREFORE, Plaintiff Trudy Beaubrun respectfully requests that this Court grant the following relief in her favor, and on behalf of the class, against Defendants Eric Streich, P.C., and Eric Streich, Esq.:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C) A declaration that Defendants' form letter, represented by Exhibit A, violates the FDCPA; and

(D) Any other relief this Court deems appropriate and just.

### *Demand for Jury Trial*

Please take notice that Plaintiff demands trial by jury in this action.

Dated:    New York, New York
          December 13, 2006

                              Respectfully submitted,

                              BROMBERG LAW OFFICE, P.C.

                              By: /s/ Brian L. Bromberg
                              Brian L. Bromberg (BLB: 6264)
                              One of Plaintiff's Attorneys

Attorneys for Plaintiff
Brian L. Bromberg (BLB - 6264)
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010

New York, NY 10005
(212) 248-7906

*Lance A. Raphael (LAR - 3625)
*Stacy M. Bardo (SMB - 4426)
180 West Washington, Suite 700
Chicago, IL  60602
(312) 782-5808

* Chicago counsel will move for *pro hac vice* admission shortly after the case is assigned to a judge, the complaint is served, and the Defendants appear.

# Exhibit A

# ERIC STREICH, P.C.

## LAW OFFICES

51 EAST 42ND STREET  
SUITE 310  
NEW YORK, NEW YORK 10017-5404

WWW.ERICSTREICHPC.COM

TEL 212-599-0971  
FAX 212-599-0972  
E-MAIL ESPC@ERICSTREICHPC.COM

December 14, 2005

TRUDY BEAUBRUN  
139 Plymouth St Apt 205  
Brooklyn, NY 11201

| | | |
|---|---|---|
| **Client** | : | **UNIFUND CCR PARTNERS as assignee of ASTA Funding Acquisition III, LLC** |
| **Debtor** | : | **TRUDY BEAUBRUN** |
| **Amount Due** | : | **$3,865.73** |
| **File No.** | : | **18158** |

DEAR TRUDY BEAUBRUN:

Please be advised that I represent the above client with respect to the amount you owe as shown above. My client has sent this account to me for collection.

Unless you notify this office in writing within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion of it, this office will assume the debt to be valid. If you do notify this office in writing within thirty (30) days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail such verification or judgment to you. Upon your written request within the thirty (30) day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector, is an attempt to collect this debt and any information obtained will be used for that purpose.

Very truly yours,

ERIC STREICH, P.C.

By: _____  
Eric Streich, Esq.